**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ELIZABETH PARKER BARNES,
        Appellant,

            v.

DEPARTMENT OF THE ARMY,
        Agency.

DOCKET NUMBER
DC-0432-15-1013-I-1

DATE: February 14, 2023

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Elizabeth Parker Barnes</u>, Vinton, Virginia, pro se.

<u>Mark R. Higgins</u>, Norfolk, Virginia, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**REMAND ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which sustained her removal based on unacceptable performance pursuant to 5 U.S.C. chapter 43. For the reasons set forth below, we GRANT the petition for review, VACATE the initial decision, and REMAND the appeal to the Washington

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

Regional Office for further adjudication consistent with *Santos v. National Aeronautics & Space Administration*, 990 F.3d 1355 (Fed. Cir. 2021).

## BACKGROUND

¶2 The appellant encumbered the position of Architect, GS-12. Initial Appeal File (IAF), Tab 16 at 85-90. For the period ending October 31, 2013, the agency rated her performance as "needs improvement," *id.* at 57. Thereafter, the agency found her work on a particular project to be unsatisfactory, *id.* at 68, 70, and advised her that her performance on certain of her objectives[2] needed improvement and that she would be placed on a performance improvement plan (PIP), *id.* at 70. At the end of January 2014, the appellant was on sick leave and then on other types of leave until she returned to duty on May 29, 2014, under a reasonable accommodation arrangement allowing her to telework 4 days a week, later reduced to 3 days a week. IAF, Tab 15 at 69. For the period November 1, 2013 to August 15, 2014, but excluding the time she was on leave, the agency rated the appellant's performance as failing in a number of her objectives. IAF, Tab 43 at 4-10.

¶3 On October 10, 2014, the appellant's supervisor notified her that she was not performing her duties at an acceptable level and that she was being placed on a 60-day PIP to help her improve her performance. *Id.* at 24-33. The supervisor set forth six objectives in which he indicated that the appellant's performance needed to improve; Technical Management, Responsibility/Accountability, Working Relationships, Communication, Be Aware, and Working Within the Project Management Best Practices as a Project Delivery Team Member. As to each, the supervisor set forth the observed issues with the appellant's performance, and explained what she must do to improve. *Id.* The supervisor stated that he would meet with the appellant weekly to discuss her responsibilities

---

[2] These "objectives" correspond to critical elements, as set forth in 5 C.F.R. § 432.103(b).

under the listed objectives and to address deficiencies, that the meetings would be documented, that he would review the appellant's work, "TEE-UP"/mock up drawings, work breakdown structures that would be used for listing task assignments as necessary, and that he would attend as many project team and individual meetings as possible to view her performance in various settings, *id.* at 32. On December 10, 2014, the agency advised the appellant that, although she had shown some improvement, she was still failing in the six objectives, and that the PIP would be extended until January 22, 2015. IAF, Tab 15 at 9-12.

¶4 On January 22, 2015, the appellant's supervisor proposed her removal for Failure during Performance Improvement Period; specifically, for failing in her objectives, with the exception of the Be Aware objective. IAF, Tab 12 at 82-90. After receiving the appellant's written reply, *id.* at 64-71, the Deputy Division Chief requested clarification from the appellant's supervisor on certain issues, after which the Deputy Division Chief provided to the appellant the information he had received along with a new notice of proposed removal, including an additional opportunity to reply, *id.* at 52-53. Thereafter, the Chief issued a letter of decision notifying the appellant that she was removed from her position, *id.* at 39-43, 36.

¶5 The appellant challenged the action by filing a timely formal complaint of discrimination in which she alleged that the agency's action was due to discrimination because of sex, age, and disability, as well as retaliation for prior equal employment opportunity (EEO) activity. *Id.* at 21-34. When 120 days had passed without a final decision by the agency, the appellant filed a Board appeal, IAF, Tab 1, in which she argued that the PIP and her performance standards were invalid and renewed her affirmative defenses, *id.* at 6. She requested a hearing, *id.* at 2. During the processing of the appeal, the appellant added a claim that the agency's action was also in retaliation for her protected whistleblowing activity. IAF, Tab 52 at 2.

¶6    Thereafter, the administrative judge issued an initial decision.[3]   IAF, Tab 62, Initial Decision (ID).  He first found that the appellant did not challenge the Office of Personnel Management (OPM)'s approval of the agency's performance appraisal system and that therefore that matter was not at issue in the appeal.[4]  ID at 4 n.4.  The administrative judge next examined the appellant's performance standards, IAF, Tab 16 at 58-62, finding that the agency proved by substantial evidence that they were valid in that they were neither impermissibly vague nor ambiguous, but rather reasonable and attainable, and that they were clearly communicated to the appellant,[5] ID at 4-10.  The administrative judge then found that the agency proved by substantial evidence that the appellant was provided a reasonable opportunity to demonstrate acceptable performance.  ID at 10-15.  Specifically, he found, considering the nature of the duties and responsibilities of the appellant's position as an architect, that the 102 days she had between October 10, 2014 and January 20, 2015, was a reasonable amount of time in which to show sufficient improvement, that she worked under a detailed PIP, and that she was afforded considerable written feedback on her work and weekly meetings to provide assistance.  ID at 15.  The administrative judge then considered the appellant's performance during the PIP.  ID at 15-17.  Relying on

---

[3] The administrative judge found that the appellant filed her appeal after the issuance of a Final Agency Decision (FAD) on her EEO complaint.  ID at 1 n. 1, 2.  However, there is no indication that the agency issued a FAD.  Rather, the appellant timely filed her appeal when the agency had not issued a FAD within 120 days.  5 C.F.R. § 1201.154(b)(2).  Any such error by the administrative judge, however, did not prejudice the appellant's substantive rights.  *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984).

[4] The agency did, however, submit evidence that OPM approved its performance appraisal system.  IAF, Tab 12 at 7.

[5] To the extent that the administrative judge considered in his analysis the validity of the appellant's performance standards under the Be Aware objective, he need not have done so since the proposing official found that the appellant's performance under that objective during the PIP was acceptable.  IAF, Tab 12 at 89.  However, any such error did not prejudice the appellant's substantive rights.  *Panter*, 22 M.S.P.R. at 282.

what he considered the credible and probative testimony of the appellant's supervisor, the administrative judge found that the appellant failed to complete either of the two projects she was assigned during the PIP, and that she exhibited rude and impolite behavior toward other members of the architectural section. ID at 16. The administrative judge concluded that the agency established by substantial evidence that the appellant's performance in the five objectives was unacceptable. ID at 17. The administrative judge then addressed the appellant's affirmative defenses. He found that she failed to establish her claims of disability discrimination, ID at 19-22, age or sex discrimination, ID at 23-25, retaliation for her protected EEO activity, ID at 25-29, and retaliation for protected whistleblowing activity, ID at 29-31. Accordingly, the administrative judge affirmed the agency's action. ID at 1, 31-32.

¶7        The appellant has filed a petition for review, Petition for Review (PFR) File, Tab 4, the agency has filed a response, PFR File, Tab 5, and the appellant has filed a reply, PFR File, Tab 7.

**ANALYSIS**

¶8        In her petition for review, the appellant has chosen to address her concerns with the initial decision by presenting "responses" to its individual paragraphs, beginning with paragraph 1 of the Analysis and Findings section and continuing through paragraph 110, which occurs partway through the administrative judge's analysis of the appellant's claim of discrimination based on age and sex. PFR File, Tab 1 at 7-31. Some of these "responses" are simply disagreements with specific factual findings in the initial decision that have not been shown to be material to the disposition of the appeal. We have not addressed these and other such "responses" because they do not meet the Board's criteria for granting a petition for review. 5 C.F.R. § 1201.115. However, in order to facilitate our analysis of the appellant's petition for review, we have grouped some of her "responses" to the extent she has raised valid objections to the initial decision.

¶9      As noted, consistent with the Federal Circuit's decision in *Santos*, 990 F.3d at 1360-63, we are remanding this appeal for further adjudication.  In *Santos*, the court held for the first time that, in addition to the elements of a chapter 43 case set forth by the administrative judge, an agency must also show that the initiation of a PIP was justified by the appellant's unacceptable performance before the PIP.  *Id*.  Prior to addressing the remand, we address the administrative judge's findings on the elements of a chapter 43 appeal as they existed at the time of the initial decision, the findings regarding the appellant's affirmative defenses, and the appellant's arguments on review.

<u>The appellant failed to show that the administrative judge erred, under the law in effect at the time, in finding that the agency satisfied its burden to prove that the appellant's performance was unacceptable.</u>

¶10     At the time the initial decision was issued, the Board's case law stated that, in a performance-based action under 5 U.S.C. chapter 43, an agency must establish by substantial evidence that: (1) OPM approved its performance appraisal system; (2) the agency communicated to the appellant the performance standards and critical elements of her position; (3) the appellant's performance standards are valid under 5 U.S.C. § 4302(c)(1); (4) the agency warned the appellant of the inadequacies of her performance during the appraisal period and gave her a reasonable opportunity to improve; and (5) the appellant's performance remained unacceptable in at least one critical element.  *White v Department of Veterans Affairs*, 120 M.S.P.R. 405, ¶ 5 (2013).  As set forth below, we affirm the administrative judge's findings as to each of these elements.

¶11     On review, the appellant challenges the administrative judge's finding that the agency proved that her performance standards were valid, arguing that, during the PIP, she was required to perform the duties of "another position," that of Design Team Leader (DTL) in addition to her normal duties as a Lead Design Architect (LDA).  PFR File, Tab 4 at 8-11, 13-14, 16, 21.  The appellant acknowledges, however, that this is not an argument she raised below.  PFR File,

Tab 7 at 6. In fact, she states that she was not aware, even at the hearing, that, in her view, her performance standards required her to combine the duties and responsibilities of the DTL and the LDA positions, and that it was not until she read the initial decision that "it occurred to [her] that it would be prudent to re-examine the actual performance criteria [her supervisor] had set out rather than just rely on his characterization of it in court." *Id.* The Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). Because the appellant has not made such a showing, we have not considered this claim.

¶12        The Board will defer to managerial discretion in determining what agency employees must do to perform acceptably in their positions when, as here, the agency has shown that the performance standards, to the maximum extent feasible, permit the accurate evaluation of job performance on the basis of objective criteria related to the job in question and are reasonable, realistic, attainable, and clearly stated in writing. *Lee v. Environmental Protection Agency*, 115 M.S.P.R. 533, ¶ 29 (2010). Agencies are entitled to use their managerial discretion in establishing the performance standards by which an employee's performance is to be measured. *Thompson v. Department of the Navy*, 89 M.S.P.R. 188, ¶ 5 (2001).

¶13        In finding that the appellant's performance standards were valid and properly communicated to her, the administrative judge relied upon the testimony of the appellant's supervisor to the effect that all architects with the agency have the same performance elements and standards, that the PIP notified her specifically of what she had to do to bring her performance up to the required level and gave specific instructions for behaviors that would allow for successful performance, and that she appeared to understand the objectives when he discussed them with her. Hearing Compact Disc (HCD) I (testimony of the

appellant's supervisor); ID at 10. Our review of the performance standards supports the appellant's supervisor's testimony regarding their reasonableness and attainability. IAF, Tab 16 at 58-62. Beyond her mere disagreement with the administrative judge's findings, the appellant has not shown that the administrative judge erred in finding that the agency proved by substantial evidence that her performance standards were valid and fairly communicated to her.

¶14    The appellant also challenges the administrative judge's finding that the agency proved by substantial evidence that it afforded her a reasonable opportunity to improve her performance. PFR File, Tab 4 at 20-22. In determining whether an agency has afforded an employee a reasonable opportunity to demonstrate acceptable performance, relevant factors include the nature of the duties and responsibilities of the employee's position, the performance deficiencies involved, and the amount of time which is sufficient to provide the employee with an opportunity to demonstrate acceptable performance. *Lee*, 115 M.S.P.R. 533, ¶ 32.

¶15    The appellant argues that her supervisor "sabotaged her projects as a pretext to give her a poor performance evaluation," PFR File, Tab 4 at 20, and that she had no opportunity to improve before the evaluation and/or PIP meeting, *id.* at 16. However, the performance evaluation to which she refers predated the PIP by at least 60 days, IAF, Tab 43 at 4-10, and it therefore had no bearing on the reasonableness of the opportunity to improve that began on October 10, 2014. *Id.* at 24-33.[6] The appellant also contends that, at PIP meetings, her supervisor provided no guidance on how she should proceed. PFR File, Tab 4 at 20. Her supervisor, however, recalled that the appellant reacted negatively to his guidance. HCD I (testimony of the appellant's supervisor). The appellant also challenges the administrative judge's findings as to the roof project she was

[6] This argument may, however, be relevant to the issues before the administrative judge on remand regarding the appellant's pre-PIP performance.

assigned during the PIP, arguing that she disagreed with her supervisor regarding what needed to be done, and that the disagreement caused friction between her coworkers and her. PFR File, Tab 4 at 21-22.

¶16    Here, the appellant's initial 60-day PIP was extended for an additional 6 weeks. IAF, Tab 15 at 9-12. During that lengthy time, the appellant's supervisor provided her considerable written feedback, IAF, Tab 14, and met with her weekly to discuss her progress on her assigned tasks. The administrative judge considered the appellant's claims, ID at 13-15, but found, based on the record as a whole, that the agency proved by substantial evidence that it afforded the appellant not only a reasonable amount of time (102 days) but also an otherwise reasonable opportunity to improve her performance, ID at 10-15. Bearing in mind that the agency need only prove the elements of its case by substantial evidence,[7] 5 C.F.R. § 1201.56(b)(1)(i), we find that the appellant's mere disagreement with the administrative judge's findings in this regard does not provide a basis for us to disturb them.

¶17    Next, the appellant challenges the administrative judge's finding that the agency proved by substantial evidence that her performance was unacceptable. PFR File, Tab 4 at 23-28. For example, she alleges that details surrounding the "Ft. Gordon DFAC project 65% submittal" caused delays that were beyond her control. However, the details she describes all occurred well before the PIP period. *Id.* She asserts that certain of her supervisor's statements regarding her work assignments are "inaccurate" and claims that she completed them, but she has pointed to no evidence that supports her assertion. *Id.* at 28. The appellant also disputes the testimony of her supervisor that she exhibited rude and impolite behavior toward other members of the architectural section, arguing that he "did

---

[7] Substantial evidence is defined as that degree of relevant evidence that a reasonable person, considering the record as a whole, might accept as adequate to support a conclusion, even though other reasonable persons might disagree. It is a lower standard of proof than preponderant evidence. 5 C.F.R. § 1201.4(p).

nothing to stop [] co-workers from yelling in [her] face," *id.*, but, again, she has pointed to no evidence that supports her claim.

¶18    In finding that the agency proved by substantial evidence that the appellant's performance was unacceptable under the five objectives during the PIP, as extended, the administrative judge correctly found that the substantial evidence standard does not require an agency to produce evidence that is more persuasive than that presented by the appellant. *Leonard v. Department of Defense*, 82 M.S.P.R. 597, ¶ 5 (1999); ID at 17.    The administrative judge considered not only the testimony of the appellant's supervisor, which he found credible and probative, HCD I (testimony of the appellant's supervisor); ID at 15-17, but also the appellant's testimony, which he found, in fact, confirmed many of the communication difficulties observed by her supervisor and the fact that she was unable to resolve them, and that it also highlighted her inability to deal with changing deadlines or coordinate assignments with other team members, ID at 17.  We have considered the appellant's arguments on review, but discern no reason to weigh the evidence or substitute our assessment of the record evidence for that of the administrative judge. *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when he considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same); *Haebe v. Department of Justice*, 288 F.3d 1288, 1302 (Fed. Cir. 2002) (holding that the Board may overturn credibility determinations only when it has "sufficiently sound" reasons for doing so).    We find that the appellant's mere disagreement with the administrative judge's findings and credibility determinations does not warrant full review of the record by the Board. *Gager v. Department of Commerce*, 99 M.S.P.R. 216, ¶ 5 (2005); *Weaver v. Department of the Navy*, 2 M.S.P.R. 129, 133-34 (1980), *review denied*, 669 F.2d 613 (9th Cir. 1982) (per curiam).

<u>The appellant did not show that the administrative judge erred in finding that she failed to establish her affirmative defenses.</u>

¶19        Next, the appellant challenges on review the administrative judge's findings that she failed to establish that her removal was due to discrimination based on disability,[8] under the theories of denial of reasonable accommodation and disparate treatment.  PFR File, Tab 4 at 28-31.  An appellant may establish a disability discrimination claim based on a failure to accommodate by showing that (1) she is a disabled person; (2) the action appealed was based on her disability; and (3) to the extent possible, there was a reasonable accommodation under which she believes she could perform the essential duties of her position.  *Gardner v. Department of Veterans Affairs*, 123 M.S.P.R. 647, ¶ 35 (2016), *clarified by Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 23-24.

¶20        The appellant challenges the administrative judge's finding that her original request to telework was unrelated to any issue of reasonable accommodation.  PFR File, Tab 4 at 28.  The administrative judge further found, however, and the appellant does not dispute, that she did later request to telework as a reasonable accommodation for her disability, and that the agency granted her request, first allowing her to telework 4 days a week, although later reducing the number of days to 3, an arrangement that was in place for the duration of the PIP, as extended.  ID at 19-21.  For the same reason, the appellant's claim, even if true, that the accommodation process took longer than usual, PFR File, Tab 4 at 25, does not establish error in the administrative judge's findings and conclusion.  The appellant also challenges the administrative judge's recitation of the testimony of the Head of the Civilian Personnel Office regarding the appellant's

---

[8] The nature of the appellant's claimed disability is not addressed in the initial decision, ID at 17-23, or in any of the pleadings on review, PFR File, Tabs 4, 6-7.  Nonetheless, in her EEO complaint, which gave rise to this appeal, the appellant claimed mental disability, "Anxiety, [Post-Traumatic Stress Disorder]," and physical disability, "illness."  IAF, Tab 31 at 20.

request to be a leave donor recipient, and the resultant confusion and delay, acknowledged by the agency, resulting from its use of the appellant's middle name as her last name. *Id.* at 29-30. The appellant does not suggest, however, that the matter remained unresolved during the PIP. *Id.* The appellant also disputes the administrative judge's finding that telework was not typically permitted for architects, *id.* at 30, but, even if the appellant is correct in her assertion that telework was typically granted to architects on an ad-hoc basis, it does not advance her discrimination claim because the agency granted her requested reasonable accommodation, which was in effect during the pendency of the PIP. Beyond her mere disagreement, the appellant has not shown that the administrative judge erred in finding that, assuming the appellant is disabled, she failed to establish that her removal was based on a failure to accommodate. ID at 22-23.

¶21     The appellant also challenges the administrative judge's finding that she did not establish her claim of disparate treatment based on disability. Here, the appellant acknowledges that no other architects in the architectural section were removed during her tenure. Further, although she refers to a particular employee in an effort to show that "I was singled out for removal," she does not suggest that that employee had performance issues or was otherwise similarly situated to her. PFR File, Tab 4 at 30-31; *Davis v. U.S. Postal Service*, 120 M.S.P.R. 122, ¶ 16 (2013). Nor has the appellant shown that her disability was a motivating factor or but-for cause in her removal. *Forte v. Department of the Navy*, 123 M.S.P.R. 124, ¶ 33 (2016). Therefore, the appellant has failed to show that the administrative judge erred in finding that she did not establish her claim of disparate treatment based on her disability. *See Pridgen,* 2022 MSPB 31, ¶ 40.

¶22     The appellant does not, on review, challenge with any specific claim of error the administrative judge's finding that she failed to establish that the agency's action was based on discrimination due to age or sex. PFR File, Tab 4 at 31. The administrative judge applied the burden-shifting analysis under

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973), finding that the appellant's anecdotal recollections[9] failed to show employment decisions personal to her that were based on her sex or age and that, based on the record as a whole, she failed to present evidence that similarly situated coworkers not in her protected class who suffered from failing performance were treated more favorably. The administrative judge found no evidence that the decision to remove the appellant was motivated by animus toward her due to her age or sex, and that the agency's explanation for the action, the appellant's failure to meet her performance requirements, was not shown to be false or some façade to hide an improper motive. ID at 23-25. We find no reason to disturb the administrative judge's decision, as it is consistent with our recent holding in *Pridgen,* 2022 MSPB 31, ¶ 25 .

¶23　　　　Finally, the appellant argues that certain evidence was available but was not presented due to the incompetence of her non-attorney representative, his unfamiliarity with her case, and his focus on irrelevant issues. PFR File, Tab 4 at 6, Tab 7 at 5. The administrative judge marked proffered timely filed exhibits for identification, but stated that they "must be introduced at the hearing," at which time he would rule on their admissibility. IAF, Tab 52. To the extent the appellant's representative failed to introduce any such exhibits, an appellant is responsible for the errors of her chosen representative. *Sofio v. Internal Revenue Service*, 7 M.S.P.R. 667, 670 (1981). The appellant appeals to the Board for consideration on the basis that she is now pro se on petition for review. PFR File, Tab 7 at 4. While it is true that pro se appellants are not required to plead issues with the precision of an attorney in a judicial proceeding, *Gilliam v. Office of Personnel Management*, 91 M.S.P.R. 352, ¶ 7 (2002), the appellant in this case

---

[9] For example, the administrative judge considered the appellant's claims that she overheard her supervisor tell another employee that she was being selected to do certain work because she was "young and energetic," that he thought younger people were more adept at learning a 3-D modeling program, and that the appellant was not often asked to socialize with other male engineers. ID at 24-25.

was represented, initially by counsel, IAF, Tab 1, and thereafter by a non-attorney representative, IAF, Tab 26, during the processing of her appeal, up to and including at the hearing.   In any event, the consideration afforded a pro se appellant does not extend to a less strict interpretation of the law.[10]

Remand is necessary to afford the parties an opportunity to submit evidence and argument regarding whether the appellant's placement on a PIP was proper.

¶24        As noted, during the pendency of the petition for review in this case, the United States Court for the Federal Circuit issued *Santos*, 990 F.3d at 1360-63, in which it held that, in addition to the five elements of the agency's case, as set forth above, the agency must also justify the initiation of a PIP by proving by substantial evidence that the employee's performance was unacceptable prior to the PIP.   The Federal Circuit's decision in *Santos* applies to all pending cases, including this one, regardless of when the events took place.   *Lee v. Department of Veterans Affairs*, 2022 MSPB 11, ¶ 16.   Although the record in this case already contains evidence suggesting that the appellant's performance prior to the initiation of the PIP was unacceptable, IAF, Tab 16 at 68, 70, Tab 43 at 4-10, we remand the appeal to give the parties the opportunity to present argument and additional evidence on whether the appellant's performance during the period leading up to the PIP was unacceptable in one or more critical elements, *see Lee*, 2022 MSPB 11, ¶¶ 15-17.   On remand, the administrative judge shall accept

---

[10] With her petition, the appellant has submitted 70 additional pages of documents. PFR File, Tab 4 at 70-139.  Some are not material, *id.* at 70-71, and others are not new, *id.* at 88-97.  The Board generally will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence.  *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980).  In addition, the Board generally will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision.  *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980).   Absent any such showing by the appellant, we have not considered these documents.  Other documents the appellant has submitted on review are part of the record below and do not therefore constitute new evidence, PFR File, Tab 4 at 73-80, 98-123, 125-39.  *Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980).

argument and evidence on this issue, and shall hold a supplemental hearing if appropriate. *Id.*, ¶ 17.

¶25 The administrative judge shall then issue a new initial decision consistent with *Santos*. *See Lee*, 2022 MSPB 11, ¶ 17. If the agency makes the additional showing required under *Santos* on remand, the administrative judge may incorporate in the remand initial decision his prior findings on the other elements of the agency's case, and the appellant's affirmative defenses, as modified herein to apply the proper standard. *See id.* However, regardless of whether the agency meets its burden, if the argument or evidence on remand regarding the appellant's pre-PIP performance affects the administrative judge's analysis of the appellant's affirmative defenses, the administrative judge should address such argument or evidence in the remand initial decision. *See Spithaler v. Office of Personnel Management*, 1 M.S.P.R. 587, 589 (1980) (explaining that an initial decision must identify all material issues of fact and law, summarize the evidence, resolve issues of credibility, and include the administrative judge's conclusions of law and his legal reasoning, as well as the authorities on which that reasoning rests).

## ORDER

¶26 For the reasons discussed above, we remand this case to the Washington Regional Office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:  /s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.